IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 3:23-CR-119-KAC-JEM |
| BRANDON RAY REECE, | ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Brandon Reece's Motion to Continue Trial and Corresponding Deadlines [Doc. 15], filed on January 2, 2024.

Defendant asks the Court to continue the trial date, plea deadline, and motions deadline for approximately 120 days [Doc. 15 p. 2]. In support of his motion, Defendant asserts that Attorney Gregory Isaacs was recently retained by Defendant and substituted as counsel on December 27, 2023 [Doc. 14] and he requires additional time to obtain and review discovery, consult with Defendant, and file any necessary pretrial motions [Doc. 15 p. 1]. Defendant understands that the time between the filing of the motion to continue and a new trial date will be excluded for speedy trial purposes. Defendant also states that the Government has no objection [*Id.*].

Based upon the information provided by Defendant in his motion and the lack of opposition by the Government, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. §

3161(h)(7)(B). Specifically, considering the information presented in Defendant's motion, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant Reece the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). New defense counsel needs more time to review and discuss discovery with Defendant and determine whether any pretrial motions are appropriate. The Court finds that all of this cannot occur before the February 13, 2024 trial date.

The Court therefore **GRANTS** Defendant Brandon Reece's Motion to Continue Trial and Corresponding Deadlines [**Doc. 15**]. The trial of this case is reset to **June 11, 2024**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on January 2, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Brandon Reece's Motion to Continue Trial and Corresponding Deadlines [**Doc. 15**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **June 11, 2024, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **January 2, 2024**, and the new trial date of **June 11, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **February 2, 2024**, and responses to motions are due on or before **February 16, 2024**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 10, 2024**;

(6) the deadline for filing motions *in limine* is **May 28, 2024**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **May 29, 2024 at 10:00 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **May 31, 2024.**

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge

3

Case 3:23-cr-00119-KAC-JEM   Document 16   Filed 01/05/24   Page 3 of 3   PageID #: 29