IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:23-CR-119-KAC-JEM |
| ) | |
| BRANDON RAY REECE, ) | |
| VITINA NICOLE JARVIS, and ) | |
| COURTNEY LEIGH REECE, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Brandon Reece's Unopposed Motion to Continue Trial and Corresponding Deadlines [Doc. 55], filed on September 3, 2024, as well as the Motion of Defendant Vitina Nicole Jarvis to Adopt Motion of Co-Defendant Brandon Reece to Continue Motion Deadline [Doc. 56], filed on September 13, 2024.

Defendant Brandon Reece asks the Court to continue the trial date [Doc. 55]. In support of his motion, he states that he was indicted on December 6, 2023, with one count of possession of a firearm by convicted felon [*Id.* ¶ 1]. On March 26, 2024, a superseding indictment charged him with two counts of possession of a firearm by a convicted felon; two counts of conspiracy to purchase a firearm for a felon; and two counts of conspiracy to transport or dispose of a firearm to a felon [*Id.* ¶ 3]. Extensive discovery was provided, including thousands of telephone calls, firearms trace records, bodycam footage, and other documents [*Id.* ¶¶ 4, 9]. A second superseding

indictment was returned, adding Armed Career Criminal Act enhancement allegations against Defendant Brandon Reece [*Id.* ¶ 6]. He has not yet had an initial appearance on the second superseding indictment [*Id.* ¶ 7]. His counsel has been working to resolve the matter with the Government but asserts that the dynamic has shifted since the second superseding indictment [*Id.* ¶ 11]. Additionally, he states that reviewing discovery has been a lengthy process because Defendant Brandon Reece is detained in Knox County Jail [*Id.* ¶ 10]. He contends that he needs additional time to continue reviewing discovery and determine whether the parties may resolve the case without a trial [*Id.* ¶ 11]. He understands the right to a speedy trial [*Id.* ¶ 13]. He represents that neither Defendant Jarvis nor Defendant Courtney Reece nor the Government object to a continuance. [*Id.* ¶¶ 14–15].

Defendant Jarvis filed a motion to adopt Defendant Brandon Reece's motion to continue [Doc. 56]. She contends that her counsel requires additional time to review discovery and evaluate whether any pretrial motions are necessary [*Id.*]. Defense counsel confirmed with Chambers via email that Defendants Jarvis and Courtney Reece understand their rights to a speedy trial.

Based on the parties' positions and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In so determining, the Court considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time needed to effectively prepare, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel for Defendants Brandon Reece, Vitina Jarvis, and Courtney Reece need further time to review discovery, evaluate the need

2

for pretrial motions, and otherwise prepare for trial. The Court finds that this cannot all occur before the October 29, 2024 trial date.

The Court therefore **GRANTS** Defendant Brandon Reece's Unopposed Motion to Continue Trial and Corresponding Deadlines [**Doc. 55**] and the Motion of Defendant Vitina Nicole Jarvis to Adopt Motion of Co-Defendant Brandon Reece to Continue Motion Deadline [**Doc. 56**]. The trial of this case is reset to **February 18, 2025**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all the time between the filing of the initial motion on September 3, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Brandon Reece's Unopposed Motion to Continue Trial and Corresponding Deadlines [**Doc. 55**] and the Motion of Defendant Vitina Nicole Jarvis to Adopt Motion of Co-Defendant Brandon Reece to Continue Motion Deadline [**Doc. 56**] are **GRANTED**;

(2) the trial of this matter is reset to commence on **February 18, 2025**, **at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **September 3, 2024**, and the new trial date of **February 18, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **October 14, 2024**, and responses to motions are due on or before **October 28, 2024**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 21, 2025**;

(6) the deadline for filing motions *in limine* is **February 3, 2025**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **February 4, 2025**, at **1:30 p.m.**; and

3

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **February 7, 2025**.

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge

4