UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>BRANDON REECE, )<br>)<br>Defendant. ) | No. 3:23-CR-119-KAC-JEM |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on the Defendant Brandon Reece's Unopposed Motion to Continue Trial and Corresponding Deadlines [Doc. 117], filed on September 23, 2025.

Defendant requests the Court to continue the trial date, set for November 4, 2025, and all relevant deadlines [*Id.*]. In support of the motion, Defendant states that he was charged by indictment on December 6, 2023, with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) [*Id.* ¶ 1]. Then, on March 6, 2024, he was charged in a Superseding Indictment, along with two codefendants, with six counts, including two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), two counts of conspiracy to purchase a firearm for a felon, in violation of 18 U.S.C. § 932(b)(1), and two counts of conspiracy to transport or dispose of a firearm to a felon, in violation of 18 U.S.C. § 933 [*Id.* ¶ 3]. The Government provided Defendant with "extensive" supplemental discovery, which included thousands of telephone calls, thousands of pages of jail chats, firearms trace records, body camera footage, and other documents [*Id.* ¶ 4]. On August 21, 2024, the Grand Jury returned a

Second Superseding Indictment against Defendant, adding Armed Career Criminal enhancement allegations pursuant to 18 U.S.C. § 924(e)(1) [*Id.* ¶ 5].

Defendant's initial appearance on the Second Superseding Indictment was on October 2, 2024 [*Id.* ¶ 6]. Defendant explains that he has filed a series of motions, including a Motion to Dismiss and a Motion to Suppress, and that the Court held an evidentiary hearing on those motions on March 25, 2025; following the hearing, the Court allowed post-hearing briefing on the Motion to Suppress at Defendant's request [*Id.* ¶¶ 8–9]. The undersigned filed a Report and Recommendation related to the Motion to Dismiss on August 4, 2025 [Doc. 111]. Defendant filed objections [Doc. 115] and the Government filed a response [Doc. 116], but Defendant notes that the Court has not yet ruled on the Motion to Dismiss [Doc. 117 ¶ 11]. Defendant observes that the undersigned has not yet issued a Report and Recommendation relating to the Motion to Suppress [*Id.* ¶ 12]. Defendant submits that following disposition of all the pending motions, he will need time to assess the impact of the rulings on trial preparation and strategy [*Id.* ¶ 13]. Defendant has been advised of his right to a speedy trial, understands those rights, and is not opposed to a continuance of the trial and corresponding deadlines [*Id.* ¶ 14]. Defendant's motion reflects that counsel for the Government does not oppose the requested continuance [*Id.* ¶ 15].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i),

(iv). In this regard, Defendant filed a Motion to Suppress on January 29, 2025 [Doc. 76], and a Motion to Sever [Doc. 79] and a Motion to Dismiss [Doc. 80] on February 28, 2025.[1] *See id.* § 3161(h)(1)(D). The undersigned held a hearing on the motions on March 25, 2025, and permitted post-hearing briefing on Defendant's Motion to Suppress at his request. Defendant filed a post-hearing reply brief on his Motion to Suppress on May 20, 2025 [*See* Doc. 100]. Defendant's Motion to Dismiss is pending ruling before, the District Judge. *See id.* § 3161(h)(1)(H). The undersigned has the Motion to Sever and Motion to Suppress under advisement. *See id.* § 3161(h)(1)(D) & (h)(1)(H). Following the entry of a report and recommendation on Defendant's suppression motion, the parties will need time to file and respond to objections and the District Judge will need time to rule. *See id.* § 3161(h)(1)(H). Once Defendant receives rulings on his pending pretrial motions, defense counsel needs time to confer with Defendant and otherwise prepare for trial. The Court finds that all of this cannot occur before the November 4, 2025 trial date.

The Court therefore **GRANTS** Defendant Brandon Reece's Unopposed Motion to Continue Trial and Corresponding Deadlines [**Doc. 117**]. The trial of this case is reset to **April 14, 2026.** A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on September 23, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), & (h)(7)(A)–(B).

---

[1] Defendant also filed a Motion to Bifurcate Trial on February 28, 2025 [Doc. 78]. The undersigned found it appropriate to hold this motion in abeyance for the District Judge's ruling closer to the trial date [Doc. 110 p. 2].

3

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Brandon Ray Reece's Unopposed Motion to Continue Trial and Corresponding Deadlines [**Doc. 117**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **April 14, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer;

(3) all time between the filing of the motion on **September 23, 2025**, and the new trial date of **April 14, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 13, 2026**;

(5) the deadline for filing motions *in limine* is **March 30, 2026**, and responses to motions *in limine* are due on or before **April 7, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **March 31, 2026, at 11:00 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **April 3, 2026.**

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge