UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA, )
 )
 Plaintiff, )
 )
v. ) No. 3:23-CR-119-KAC-JEM
 )
BRANDON RAY REECE, )
 )
 Defendant. )

## MEMORANDUM AND ORDER

This case is before the undersigned on Defendant Brandon Ray Reece's Motion to Sever Counts [Doc. 79]. 28 U.S.C § 636(b). For the reasons set forth below, the Court **DENIES** the motion [Doc. 79].

## I. BACKGROUND

The Second Superseding Indictment ("the Indictment") charges Defendant Reece with a total of six counts [Doc. 53]. The Second Superseding Indictment also charges two others, Courtney Leigh Reece and Vitina Nicole Jarvis, with four counts and three counts, respectively [*Id.*]. Defendant Reece moves the Court to sever Counts Two, Three, Four, Five, and Six from the remaining counts in this matter and order them to be tried separately [Doc. 79 p. 2]. The charges are summarized in the following chart:

| Count | Charge | Date | Defendant(s) |
|---|---|---|---|
| One | Felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) | On or about November 28, 2023 | Brandon Ray Reece |

| Count | Charge | Date | Defendant(s) |
|---|---|---|---|
| Two | Felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) | Diverse dates between on or about July 31, 2023, through on or about November 28, 2023 | Brandon Ray Reece |
| Three | Conspiracy to purchase a firearm for, on behalf of, and at the request and demand of Defendant Brandon Ray Reece, knowing and having reasonable cause to believe that he had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 932(b)(1) | Diverse dates between on or about July 6, 2023, through on or about July 14, 2023 | Brandon Ray Reece Courtney Leigh Reece |
| Four | Purchase of a firearm for, on behalf of, and at the request or demand of Defendant Brandon Ray Reece, knowing and having reasonable cause to believe that he had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 932(b)(1) | On or about July 14, 2023 | Courtney Leigh Reece |
| Five | Conspiracy to transport, transfer, cause to be transported, and otherwise dispose of a firearm to Defendant Brandon Ray Reece, in and otherwise affecting commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of the firearm by him would constitute a felony, in violation of 18 U.S.C. § 933(a)(1), (a)(3), and (b) | Diverse dates between on or about July 7, 2023, through on or about November 28, 2023 | Brandon Ray Reece Courtney Leigh Reece |
| Six | Knowingly make a false statement in executing a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, in violation of 18 U.S.C. § 922(a)(6) and § 924(a)(2) | On or about July 7, 2023 | Courtney Leigh Reece |

| Count | Charge | Date | Defendant(s) |
|---|---|---|---|
| Seven | Conspiracy to purchase a firearm for, on behalf of, and at the request and demand of Defendant Brandon Ray Reece, knowing and having reasonable cause to believe that he had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 932(b)(1) | Diverse dates between on or about July 22, 2023, through on or about July 27, 2023 | Brandon Ray Reece Vitina Nicole Jarvis |
| Eight | Conspiracy to transport, transfer, cause to be transported, and otherwise dispose of a firearm to Defendant Brandon Ray Reece, in and otherwise affecting commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of the firearm by him would constitute a felony, in violation of 18 U.S.C. § 933(a)(1), (a)(3), and (b) | Diverse dates between on or about July 22, 2023, through on or about November 28, 2023 | Brandon Ray Reece Vitina Nicole Jarvis |
| Nine | Attempt to transfer and otherwise dispose of a firearm to Brandon Ray Reece, in and otherwise affecting commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of the firearm by him would constitute a felony, in violation of 18 U.S.C. § 933(a)(1), (a)(3), and (b) | Diverse dates between on or about July 31, 2023, through on or about November 28, 2023 | Vitina Nicole Jarvis |

[Doc. 53].[1]

Pursuant to Rule 14 of the Federal Rules of Criminal Procedure, Defendant Reece asserts that the Second Superseding Indictment charges him in two distinct conspiracies, with two different alleged coconspirators, and involving two different weapons [Doc. 79 p. 3]. Defendant contends the proof related to Counts Two, Three, and Five would not be admissible in a separate trial for Counts One, Seven, and Eight, as it is not relevant to any material issue, and that evidence related to Counts Two, Three, and Five would similarly be inadmissible in a separate trial of

---

[1] Codefendant Vitina Nicole Jarvis pleaded guilty to Count Seven of the Second Superseding Indictment, [Doc. 67]. Codefendant Courtney Leigh Reece pleaded guilty to Count Four of the Second Superseding Indictment [Doc. 74].

3

Counts One, Seven, and Eight, as they constitute other crimes, wrongs, or acts excluded by Federal Rule of Evidence 404(b) [*Id.*]. Further, Defendant argues that even if the Court were to find some other purpose to permit admission, it would be subject to exclusion pursuant to Federal Rules of Evidence 401 and 403 [*Id.*]. Finally, Defendant claims that the risk of unfair prejudice from a trial on all counts outweighs any probative value of admitting the evidence supporting Counts Two through Six at trial [*Id.* at 4].

The Government responded in opposition, contending that the offenses were properly joined under Rule 8(a) and that Defendant failed to make a clear and specific showing of prejudice as needed to warrant severance under Rule 14 [Doc. 85 p. 1].

The parties appeared for a motion hearing on March 25, 2025 [Doc. 90]. Attorneys Gregory P. Isaacs and Ashlee Brooke Mathis appeared on behalf of Defendant, who was also present. Assistant United States Attorney Caroline Poore appeared on behalf of the Government.

At the hearing, Defendant argued that the United States "alleges two distinct conspiracies, two distinct alleged coconspirators . . . [and] two different weapons that were seized in different ways" [Doc. 94 p. 115]. Defendant contended that "[t]he proof in the case does not overlap [and that t]he only nexus as it relates to the proof is the same agency for telephone calls at the jail but distinct evidence" [*Id.*]. Defendant noted that the allegations in Counts Six and Four that Codefendant Reece made false statements on an ATF Form was "separate and distinct from the allegations" involving Codefendant Jarvis, and that the conduct regarding Codefendant Reece is confined to the State of Tennessee [*Id.* at 116]. Defendant contended that there would be "significant and prejudicial spillover" due to the "amount of calls" from two separate and distinct conspiracies [*Id.* at 117]. Defendant argued the primary prejudice arises from the admission of Rule 404(b) evidence of other bad acts [*Id.* at 118]. Specifically, a trial on all counts presents a

4

danger that the jury would convict him of the counts relating to the second conspiracy based upon the jail phone calls and other evidence relating to the first conspiracy [*Id.*]. Because of "the sheer multitude of the conversations that are different, different things, different manners of communication," Defendant maintained "the spillover and the potential prejudice would significantly impede [his] right to a fair trial" [*Id.* at 119].

The Government argued that the counts were properly joined under Rule 8, as they were "largely related" with a "large area of overlap in the proof" [*Id.*]. The Government noted that there were several exceptions to Rule 404(b) that would allow the evidence to be admitted, specifically to show motive, opportunity, and absence of mistake [*Id.* at 120]. In terms of judicial economy, the Government contended "it would not make sense to sever these cases," because of the "duplicative evidence," such as the witnesses from the Tennessee Department of Corrections ("TDOC") and the agents who listened to the jail calls who "would be required to testify in both trials" [*Id.*].

The Government noted that "the Court could give limiting instructions" to help the jury separate out the evidence in the case [*Id.*]. While Defendant noted there were "hundreds of phone calls in this case," the Government anticipated presenting around ten jail calls in which Defendant spoke with Codefendants Vitina Jarvis and Courtney Reece about purchasing guns [*Id.* at 120–21]. The Government asserted that "with a limiting instruction, [the jury would] be able to clearly separate out the phone calls that pertain to [Codefendant] Jarvis and [Codefendant] Reece" and would "be able to look at the 404 evidence [in support of] any motive [or] absence of mistake" [*Id.* at 121]. The Government maintained that Defendant failed to carry his burden of showing "specific and actual prejudice," by "claiming spillover [prejudice and] potential confusion," which could be cured by "limiting instructions from the Court" [*Id.*].

5

Finally, the Government maintained that the jail phone calls contain overlapping evidence explaining why Defendant sought guns and that he switched the firearms from the Codefendants, hiding the one from Codefendant Jarvis at his grandmother's house [*Id.* at 119, 121]. It argued that contrary to Defendant's claims of spillover prejudice, presenting the jail calls with both Codefendants is necessary "to paint a clear picture for the jury" [*Id.* at 122]. "[F]or the sake of judicial economy, for the sake of not having witnesses testify twice, not having two juries listen to almost all, if not all the same evidence," the Government asserted the Court should not sever the counts [*Id.* at 123].

In rebuttal, Defendant argued that "[i]f the guns would have been found at the same place, the same time," he would agree that it would have been hard "under Rule 8 and Rule 14" to show prejudice [*Id.*]. But because the facts are distinct and the case "was not indicted that way," Defendant maintained that Rule 14 requires severance of the counts [*Id.*].

The Court then took the motion under advisement.

## II. ANALYSIS

Defendant argues that the counts in the Second Superseding Indictment are improperly joined under Federal Rule of Criminal Procedure 8 and even if properly joined, a joint trial is unduly prejudicial under Rule 14.

### A. Joinder Under Rule 8

Federal Rule of Criminal Procedure 8(a) sets forth the conditions under which multiple offenses may be joined in a single indictment:

> Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged . . . are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

6

Fed. R. Crim. P. 8(a). "To the extent that it is consistent with providing the defendant a fair trial, . . . Rule [8(a)] is to be construed liberally to promote the goals of trial convenience and judicial efficiency." *United States v. Wirsing*, 719 F.2d 859, 862 (6th Cir. 1983) (citations omitted). Although Rule 8 "should be construed in favor of joinder, it is also true that failure to meet the requirements of this rule constitutes misjoinder as a matter of law." *United States v. Hatcher*, 680 F.2d 438, 440 (6th Cir. 1982) (citing *United States v. Franks*, 511 F.2d 25, 28 (6th Cir. 1975)). "If joinder of multiple . . . offenses does not comply with the requirements of Rule 8, the district court 'has no discretion on the question of severance.'" *United States v. Chavis*, 296 F.3d 450, 456 (6th Cir. 2002) (quoting *Franks*, 511 F.2d at 411).

Whether joinder is proper under Rule 8(a) is determined by the allegations on the face of the indictment. *United States v. Frost*, 125 F.3d 346, 389 (6th Cir. 1997) (citations omitted). Joinder under Rule 8(a) is appropriate when the counts are "logically related" and involve a significant amount of overlapping proof. *United States v. Graham*, 275 F.3d 490, 512 (6th Cir. 2001) (citation omitted). "Rule 8(a) does not require that all evidence relating to each charge be admissible in separate trials. Rather, "[w]hen the joined counts are logically related, and there is a large area of overlapping proof, joinder is appropriate." *Wirsing*, 719 F.2d at 863 (6th Cir. 1983) (alteration in original) (quoting *United States v. Anderson*, 642 F.3d 281, 284 (9th Cir. 1981)).

Here, the allegations on the face of the Indictment show that the offenses are of the same or similar character and are logically related as required under Rule 8(a). Counts Two, Three, and Five allege that Defendant Reece and Codefendant Courtney Leigh Reece conspired to purchase and transport a firearm (a Ruger SR1911) on behalf of Defendant Reece, knowing he previously had been convicted of a felony. Counts One, Seven, and Eight allege that Defendant Reece and

7

Codefendant Vitina Nicole Jarvis conspired to purchase and transport a firearm (a Ruger EC9S) on behalf of Defendant Reece, knowing he previously had been convicted of a felony. The two sets of charges are of the same character and "logically related" because both generally involve Defendant having another person procure a firearm for him despite his status as a felon. *See United States v. Abbott*, No. 24-5602, 2025 WL 2237656, at *3 (6th Cir. Aug. 6, 2025) (concluding that the separate counts all show that defendant "engaged in the same general course of conduct—depriving individuals of their civil rights while effectuating arrests as a deputy sheriff and, in some instances, taking the further step of filing false documents to conceal his acts"). The only difference in the two sets of charges apparent from the face of the Indictment are the Codefendants with whom Defendant conspired and the type of gun purchased. Joinder is proper "under Rule 8(a)'s 'same or similar character' prong when, as here, a defendant engaged in a similar course of conduct repeatedly." *Id*. (citations omitted); *see, e.g.*, *United States v. Rox*, 692 F.2d 453, 453–54 (6th Cir. 1984) (affirming joinder of multiple counsel of "making false statements on immigration documents" and "unlawfully receiving money for services rendered as a congressional aide"); *United States v. Harris*, 635 F.2d 526, 527 (6th Cir. 1980) (affirming joinder of three counts of stealing U.S. mail at different times).

The charges also are temporally related, occurring over the same period of time of July 2024 through November 2024. And both sets of charges have the same goal, for Defendant to obtain a firearm despite his status as a felon. "The counts are not simply connected 'in the abstract,' but are linked by time and purpose." *Thomas v. United States*, 849 F.3d 669, 675 (6th Cir. 2017); (quoting *Chavis*, 296 F.3d at 458); *see United States v. Hang Le-Thy Tran*, 433 F.3d 472, 477–78 (6th Cir. 2006) (affirming joinder of two arson counts occurring within eighteen months).

8

Therefore, the Court finds that joinder of Counts Two, Three, and Five with Counts One, Seven, and Eight is proper under Rule 8(a).

In support of his motion to sever Counts Two through Six, Defendant contends that the evidence related to Counts Two, Three, and Five would not be admissible in a separate trial for Counts One, Seven, and Eight [Doc. 79 p. 3]. Defendant argues that the only "nexus" between the two conspiracies is the fact that both involved communications between Defendant and the separate Codefendants through jail telephone calls [Doc. 94 p. 115]. Defendant further asserts that "evidence related to Counts Two, Three, and Five would be inadmissible at trial related to other Counts as they constitute other crimes, wrongs, or acts excluded by Federal Rule of Evidence 404(b)" [Doc. 79 p. 3]. Specifically, and as argued at the hearing, Defendant contends that in a joint trial of all counts, the jury would be exposed to improper Rule 404(b) evidence [Doc. 94 p. 118].

Under Rule 8(a), however, the question is not whether the evidence would be admissible for each claim but rather whether the counts themselves are logically related and have a large area of overlapping proof. *Wirsing*, 719 F.2d at 863; *see Graham*, 275 F.3d at 512 (finding that "[t]o require the government to put on a separate trial to prove conspiracy to manufacture marijuana, attempt to manufacture marijuana, and knowingly carrying a firearm in relation to a drug trafficking crime, where the evidence . . . is duplicative of evidence relating to other counts in the indictment, would violate the spirit of Rule 8(a)"); *United States v. Davis*, No. 3:07-CR-66, 2007 WL 2782289, at *1 (E.D. Tenn. Sept. 21, 2007) (allowing joinder of six counts "because they all [arose] out of three similar offenses . . . [of] three robberies in Knoxville, all occurring within one month's time" and were "of the same or similar character"). Here, the alleged claims took place over the same time period, were all orchestrated through phone conversations with

9

Defendant while he was in jail, and were of the same character, both being conspiracies to purchase and deliver firearms to Defendant who is a felon. Because the counts are logically related and require overlapping proof, joinder of the multiple offenses is proper under Rule 8(a).

> **B.** **Severance Under Rule 14**

"Rule 14 authorizes a defendant to move for severance in situations in which joinder of multiple offenses . . . is proper under Rule 8, but nonetheless would be prejudicial to the defendant." *Chavis*, 296 F.3d at 457 (citing *Zafiro v. United States*, 506 U.S. 534, 538 (1993)). "To prevail on a request for severance the defendant must show compelling, specific, and actual prejudice." *Thomas*, 849 F.3d at 675 (citing *United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008); *see also United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992) (holding that severance should be granted only if a defendant can show "substantial," "undue," or "compelling" prejudice). Defendant bears the burden of proving prejudice. *Harris*, 635 F.2d at 527. Even where Defendant shows a risk of prejudice from joinder of the offenses, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro*, 506 U.S. at 539. The Court must balance the public's interest in avoiding multiple trials with the defendant's interest in a fair trial. *Wirsing*, 719 F.2d at 864–65. Therefore, the Court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right . . . or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539.

Defendant argues that a joint trial of all counts would prevent the jury from making a reliable determination of his guilt or innocence because it would be exposed to inadmissible 404(b) evidence in hearing about the two unrelated conspiracies [Doc. 94 pp. 117–18]. He argues that in a joint trial of all counts, "a very real danger [exists] that a jury is going to say, . . . if this was the

10

Case 3:23-cr-00119-KAC-JEM  Document 134  Filed 03/04/26  Page 10 of 13
PageID #: 701

issue with the straw purchase and this is the evidence of one person, then we don't need to . . . give our time and attention to the evidence involving the other" [*Id*. at 118]. In other words, he contends that the jury could convict him of both conspiracies based upon the evidence of one and his perceived propensity to commit the other.

"[A] jury is presumed capable of sorting out evidence and considering each count and each defendant separately." *United States v. Swift*, 809 F.2d 320, 323 (6th Cir. 1987) (affirming joint trial of defendants when much of the evidence was admissible against all defendants and trial court instructed jury to give each defendant separate consideration). Thus, for a defendant to establish substantial prejudice from a "spillover" of evidence, he must show that the jury will not be able to separate and treat as distinct the evidence relating to each count. *United States v. Murphy*, 836 F.2d 248, 256 (6th Cir. 1988); *United States v. Moore*, 917 F.2d 215, 220 (6th Cir.1990) (examining failure to sever defendants).

Rule 404(b) prohibits admission of "[e]vidence of any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Other acts evidence can be admitted, however, "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Even when admitted for a permissible purpose, other acts evidence is still "subject to the requirements of Rule 403, under which relevant evidence may be excluded 'if its probative value is substantially outweighed by a danger of . . . unfair prejudice.'" *Abbott*, 2025 WL 2237656, at *5 (omission in original) (quoting Fed. R. Evid. 403).

As an initial matter, the undersigned questions whether evidence of the two conspiracies can be properly considered other crimes, wrongs, or acts under Rule 404(b) as to each other.

11

"Extrinsic acts include other crimes or wrongs which 'occurred at different times and under different circumstances from the offense charged,' while intrinsic acts 'are those that are part of a single criminal episode.'" *United States v. Morales*, 668 F. Supp. 3d 774, 792 (M.D. Tenn. 2023) (quoting *United States v. Knox*, 17 F. App'x 353, 357 (6th Cir. 2001)). Given that difference, "Rule 404(b) is 'not applicable where the challenged evidence is inextricably intertwined with evidence of the crime charged[.]'" *Id*. (quoting *United States v. Everett*, 270 F.3d 986, 992 (6th Cir. 2001)) (citation modified). Nor does Rule 404(b) apply when the other acts evidence is "part of a continuing pattern of illegal activity." *Id*. (quoting *United States v. Rozin*, 664 F.3d 1052, 1063 (6th Cir. 2012)) (citation modified). Here, in deciding above that the two sets of counts are properly joined, the evidence of each set of charges is inextricably intertwined with the other.

Nevertheless, if Rule 404(b) does apply, the evidence of the two sets of charges could be admitted. The Government argues that evidence of the other conspiracy is admissible in the trial of each conspiracy to show motive, opportunity, and absence of mistake. Specifically, the Government points to evidence from jail calls with one codefendant in which Defendant states that he needs a gun because he believes his life is in danger [Doc. 94 p. 119]. It also points to jail conversations in which Defendant tells Codefendant Courtney Reece that he switched the gun she purchased for him with the gun purchased by Codefendant Jarvis [*Id*. at 122]. This evidence is arguably admissible in both trials if the counts were severed for the purposes raised by the Government. Accordingly, without deciding the Rule 404(b) issue, the Court finds this argument at least weighs in favor of a single trial of all counts.[2]

---

[2] Defendant also contends that even if the Court were to find some purpose to allow admission of the evidence, it would still be excluded under Rule 401 and Rule 403 of the Federal Rules of Evidence. Whether evidence would be subject to exclusion under Rule 401 or 403 is a matter to be determined at trial or in the context of a motion in limine.

Furthermore, the Court agrees with the Government that Defendant's concerns can be addressed with "specific cautionary instructions to minimize the possible prejudice, instructing the jury to consider separately the evidence relating to each charge and cautioning the jury to not let their decision on one charge influence their decision in any other charge." *United States v. Jacobs*, 244 F.3d 503, 507 (6th Cir. 2001); *see also Chavis*, 296 F.3d at 462 (noting that "limiting instructions can . . . minimize the prejudice resulting from improper joinder of offenses under Rule 8(a), particularly where 'it would not have been difficult for the jury to compartmentalize and distinguish the evidence concerning' the different offenses charged" (quoting *Frost*, 125 F.3d at 391)); *Abbott*, 2025 WL 2237656, at *4 (explaining "that careful jury instructions can help mitigate concerns that joinder [of counts] caused substantial prejudice" (citation omitted)). That a different codefendant is involved in each set of counts will aid the jury in compartmentalizing the evidence and considering the charges separately.

### III. CONCLUSION

For the reasons explained above, the Court **DENIES** Defendant's Motion to Sever [**Doc. 79**].

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge