| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:23-CR-119-KAC-JEM-1 |
| | ) | |
| BRANDON RAY REECE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court are (1) Defendant Brandon Ray Reece's "Motion to Dismiss Counts One and Two of the Second Superseding Indictment" [Doc. 80]; (2) United States Magistrate Judge Jill E. McCook's Report and Recommendation ("Report") [Doc. 111], recommending that the undersigned deny that Motion to Dismiss; and (3) Defendant's Objections to the Report [Doc. 115]. Because Defendant failed to show that he is not dangerous, his as-applied Second Amendment challenge to Counts One and Two falls flat. As set forth below, the Court (1) **ADOPTS** and **ACCEPTS** the Report's recommendation [Doc. 111], (2) **OVERRULES** Defendant's Objections [Doc. 115], and (3) **DENIES** Defendant's Motion to Dismiss [Doc. 80].

In November 2005, Defendant was convicted of three counts of aggravated burglary, one count of robbery, and one count of aggravated assault [*See* Doc. 86-1]. In or about July 2006, Defendant beat and kicked a man to death [*See* Doc. 86-10 (police report); 86-1 at 10 (judgment)]]. Defendant was charged with first-degree murder but pleaded to second-degree murder [*See* Doc. 86-1 at 10]. In November 2009, he was sentenced to twenty years in prison, but he only served seventeen [*See id.*, Doc. 86 at 2].

While incarcerated, Defendant was charged with prison infractions for assault, robbery,

fighting, possession of a deadly weapon, and possession of contraband, among other misconduct [Docs. 86-5, 86-6]. He admitted to much of the conduct, including an assault [*See, e.g.*, Docs. 86-5 at 4-7, 10-12 (assault), 17-24; Doc. 86-6 at 2-3]. But he was not convicted of any state or federal criminal offense while in prison.

In July 2023, Defendant was released from prison [Doc. 86 at 2]. By November 28, 2023, he was arrested for "sho[oting] several rounds" of ammunition from a firearm in a Knoxville parking lot [*See id.* at 3]. A grand jury has since charged Defendant with one count of being a felon in unlawful possession of a firearm and ammunition on or about November 28 (Count One) and another count of unlawful possession of a firearm as a felon "on diverse dates between on or about July 31, 2023, through on or about November 28, 2023" (Count Two), both in violation of 18 U.S.C. § 922(g)(1) [*See* Doc. 53 at 1].

Defendant filed a "Motion to Dismiss Counts One and Two of the Second Superseding Indictment," raising an as-applied Second Amendment challenge [Doc. 80]. The United States opposed [Doc. 86]. In addition to the charges and convictions above, the United States highlighted a police report from July 31, 2023 where Defendant allegedly went to his daughter's home and threatened to "beat" his daughter and boyfriend's "ass" after showing them "a pistol on his side" and claiming to be "a gangster" [*See* Doc. 86-2 at 2]. The United States also highlighted a police report from October 12, 2023 where Defendant allegedly struck his then-wife "with a closed right fist on the left side of her face" and "in her nose" [*See* Doc. 86-3 at 2]. Law enforcement observed "[t]he complainant . . . to have a bloody swollen nose and swelling to the left side of her face" [*Id.*]. Neither event had resulted in a criminal conviction.

Thereafter, Judge McCook held a hearing on the Motion to Dismiss, where Defendant was

2

able to introduce evidence and make arguments regarding his dangerousness [*See* Docs. 90, 111 at 2]. Judge McCook then filed the Report [Doc. 111]. The Report ultimately recommends that the undersigned deny the Motion to Dismiss [Doc. 80] because Defendant's "prior criminal history shows him to be dangerous" [Doc. 111 at 9].

Defendant filed timely objections [Doc. 115]. He objects to the Report's conclusion that he is "dangerous" [*See id.* at 2-3]. And he specifically objects to (1) "the finding that he is dangerous based on his criminal convictions alone," [*see id.* at 4], and (2) the Court's consideration of his prison disciplinary records and the 2023 police reports because they did not result in or describe "criminal convictions," [*see id.* at 5-6].

The United States responded [Doc. 116]. It argues that the Report properly (1) determined that "Defendant has not met his burden to prove he is not dangerous," (2) "considered a variety of information related to the Defendant's specific characteristics and unique circumstances," and (3) concluded that "Defendant is dangerous" [*See* Doc. 116 at 2-4].

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a Party makes a timely objection under Section 636(b)(1)(C) and that objection is not "frivolous, conclusive[,] or general," *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986), "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which [the] objection is made," 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim P. 59(b)(3) ("district judge must consider de novo any objection to the magistrate judge's recommendation").

The Second Amendment enshrines a fundamental, individual right. *See Dist. of Columbia v. Heller*, 554 U.S. 570, 595 (2008); *see also McDonald v. City of Chicago*, 561 U.S. 742, 791 (2010). But that right "is not unlimited." *See Heller*, 554 U.S. at 626. Under prevailing precedent, the Court must "first ask whether 'the Second Amendment's plain text' covers [the defendant's] conduct." *See United States v. Williams*, 113 F.4th 637, 648 (6th Cir. 2024) (quoting *Bruen*, 597 U.S. at 24). "If so, then the Constitution presumptively protects it," and the Court "ask[s] whether the modern regulation is 'relevantly similar' to laws that our tradition has historically embraced." *Id.*

18 U.S.C. § 922(g)(1) is "constitutional on its face," *id.* at 662, because "our nation's history and tradition" generally "demonstrate that Congress may disarm individuals they believe are dangerous," *id.* at 657. But the defendant "must have a reasonable opportunity to prove" that he does not "fit the class-wide generalization." *Id.* at 661. In this as-applied posture, the defendant bears the burden "to show he's not dangerous." *Id.* at 662.

The Court focuses "on each individual's specific characteristics." *Id.* at 657. "That necessarily requires considering the individual's entire criminal record." *Id.* The Court may consider "other judicially noticeable information" too. *Id.* at 660.

"[C]ertain categories of past convictions are highly probative of dangerousness." *Id.* at 657. "[C]rimes against the person" like "murder, rape, assault, and robbery" "speak directly to whether an individual is dangerous." *Id.* at 658. "It is hard to see how someone who commits such a dangerous and violent act may overcome the presumption that they are dangerous." *Id.* At a minimum, these crimes provide "strong evidence that an individual is dangerous." *Id.* And the individual's burden to show otherwise "would be extremely heavy." *Id.*

4

Other crimes, like "burglary," also "put someone's safety at risk, and thus, justify a finding of danger." *Id.* at 659, 663.

Here, no matter how you slice it, Defendant has failed to show that he is not dangerous. His entire "specific characteristics" show a pattern of committing violent "crimes against the person." *Id.* at 657-58. Defendant beat a man to death and pleaded guilty to second-degree murder. While in prison for seventeen years, Defendant admittedly committed an assault, among other infractions. The Sixth Circuit has expressly considered an individual's "disciplinary record while in prison" under this rubric. *See United States v. Williams*, No. 24-1244, 2025 WL 1089531, at *2 (6th Cir. Apr. 11, 2025). And within months of Defendant's release from prison, law enforcement saw proof that Defendant had punched his then-wife, drawing blood.

But even if the Court only considered Defendant's "criminal record," limiting itself to Defendant's criminal convictions, Defendant has failed to show that he is not dangerous. *See Williams*, 113 F.4th at 657-58. In 2005, Defendant was convicted of one count of aggravated assault, one count of robbery, and three counts of aggravated burglary [*See* Doc. 86-1]. That is two crimes against the person and one crime that put an individual's safety at risk. Less than one year later, he beat a man to death—another crime against the person [*See* Doc. 86-10 (police report); 86-1 at 10 (judgment)])]. For seventeen years until July 2023, Defendant was incarcerated. Upon release, the conduct in the indictment allegedly began [*See* Doc. 53 at 1].

Even presuming that these "violent crimes" were "not totally dispositive on the question," Defendant has not met his "extremely heavy" burden to show that he was not dangerous from July to November 2023 when he allegedly possessed a firearm. *See Williams*, 113 F.4th at 658. An individual with "numerous violent felonies" and a "second-degree murder" conviction is "exactly

5

the type of individual our history and tradition allow Congress to disarm." *See United States v. Parham*, 119 F.4th 488, 496 (6th Cir. 2024) (citation omitted). The Sixth Circuit has rejected the argument that the Court cannot consider certain "convictions due to their age." *See United States v. Taylor*, 165 F.4th 1029, 1036 (6th Cir. 2026) (considering convictions that were "12 years old at the time of" indictment). And the vintage of Defendant's second-degree murder conviction (2009) is less concerning here given that Defendant was incarceration for seventeen years as a result. By design, that lengthy term of incarceration removed Defendant from the general population to protect the public from further crimes. It worked. In the end, Defendant has not met his "extremely heavy" burden to show that he was not dangerous at the relevant time. *See Williams*, 113 F.4th at 658.

As set forth above, the Court (1) **ADOPTS** and **ACCEPTS** the Report's recommendation [Doc. 111], (2) **OVERRULES** Defendant's Objections [Doc. 115], and (3) **DENIES** Defendant's "Motion to Dismiss Counts One and Two of the Second Superseding Indictment" [Doc. 80].

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

6