| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:23-CR-119-KAC-JEM-1 |
| | ) | |
| BRANDON RAY REECE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER
## OVERRULING DEFENDANT'S OBJECTIONS

Before the Court is Defendant Brandon Ray Reece's "Objection To The Memorandum And Order Regarding Motion To Sever Counts" [Doc. 138], which raises objections to the March 4 Order of United States Magistrate Judge Jill E. McCook [Doc. 134]. That Order denied Defendant's "Motion To Sever Counts" [Doc. 79]. For the reasons below, the Court overrules Defendant's objections.

## I. Background

Defendant was convicted of second-degree murder and served a seventeen-year sentence in the Tennessee Department of Corrections [*See* Doc. 85 at 2]. Toward the end of his custodial sentence, Defendant allegedly made calls on "recorded jail phone[s]" to Codefendants Courtney Leigh Reece and Vitina Nicole Jarvis [*Id.*]. During separate calls, Defendant allegedly asked Codefendant Reece and Codefendant Jarvis each to "purchase a firearm for him" [*Id.* at 2-3]. Codefendant Reece and Codefendant Jarvis each purportedly purchased a firearm for

Defendant [*See* Docs. 53, 85].[1]  After Defendant was released from custody, he allegedly possessed those firearms unlawfully [*See* Docs. 53, 85].

On August 21, 2024, a grand jury issued the Second Superseding Indictment, indicting Defendant and Codefendants Reece and Jarvis [*See* Doc. 53].  According to the United States, the Second Superseding Indictment alleges "two distinct conspiracies involving two distinct firearms" [*See* Doc. 85 at 7].  Counts Two, Three, Four, Five, and Six relate to the firearm that Codefendant Reece allegedly purchased for Defendant ("Reece Conspiracy") [*See* Doc. 53].  And Counts One, Seven, Eight, and Nine relate to the firearm that Codefendant Jarvis allegedly purchased for Defendant ("Jarvis Conspiracy") [*See id.*].

Defendant moved to sever Counts Two, Three, Four, Five, and Six—those related to the Reece Conspiracy—from the remaining Counts—those related to the Jarvis Conspiracy [*See* Doc. 79].  Defendant argued that joinder of these Counts was improper under Federal Rules of Criminal Procedure 8 and 14 [*See id.* at 2].  The United States opposed [*See* Doc. 85].  In a March 4 Order, Judge McCook denied the Motion [*See* Doc. 134].

Defendant objected to the Order, arguing that "severance is necessary pursuant to Fed. R. Crim. P. 14" [*See* Doc. 138 at 3].[2]  The United States opposed [Doc. 141].  The matter is now ripe.

II.    **Analysis**

A district judge "may reconsider any pretrial matter" if "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A), *see also* Fed. R. Crim. P. 59(a).

---

[1] Codefendants Reece and Jarvis have each pleaded guilty to a portion of the Second Superseding Indictment [*See* Docs. 67, 74].

[2] Defendant does make an argument under Rule 8 [*See generally* Doc. 138].

2

Both Federal Rules of Criminal Procedure 8 and 14 are relevant to the joinder of counts. *See* Fed. R. Crim. P. 8(a), 14(a). Put simply, Rule 8 governs misjoinder, while Rule 14 governs proper, though nonetheless prejudicial, joinder. *See id.*; *United States v. Lloyd*, 10 F.3d 1197, 1214-15 (6th Cir. 1993). Rule 8 requires the court to sever any misjoined count. *See Lloyd*, 10 F.3d at 1214. Rule 14, on the other hand, leaves questions of prejudice to the district court's "sound discretion," permitting—not requiring—the court to sever properly joined counts if a trial on all counts would prejudice a defendant. *See id.* at 1215; *United States v. Hang Le-Thy Tran*, 433 F.3d 472, 478 (6th Cir. 2006). Defendant only objects to the joinder of counts under Rule 14 [*See* Doc. 138 at 3].

Under Rule 14, Defendant bears a "heavy" burden. *See United States v. Deitz*, 577 F.3d 672, 693 (6th Cir. 2009); *Zafiro v. United States*, 506 U.S. 534, 540 (1993). He is not entitled to severance "merely because" he "may have a better chance of acquittal in separate trials." *See Zafiro*, 506 U.S. at 540. "[A] district court should grant a severance under Rule 14 *only if* there is a serious risk that a joint trial would compromise a specific trial right of" a defendant—meaning that joinder would "prevent the jury from making a reliable judgment about guilt or innocence." *Id.* (emphasis added); *Thomas v. United States*, 849 F.3d 669, 675 (6th Cir. 2017) (quoting *United States v. Rox*, 692 F.2d 453, 454 (6th Cir. 1982)). "[W]hen the jury can adequately 'compartmentalize and distinguish the evidence concerning the different offenses charged,'" joinder is unlikely to be prejudicial. *See Thomas*, 849 F.3d at 676 (quoting *United States v. Cody*, 498 F.3d 582, 587 (6th Cir. 2007)). Even in a case "where the risk of prejudice is high, 'less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.'" *See United States v. Ross*, 703 F.3d 856, 884 (6th Cir. 2012) (quoting *Zafiro*, 506 U.S. at 534). And even if a defendant shows some prejudice, the Court must still balance any

3

prejudice with "the interest of the public in avoiding a multiplicity of litigation." *See United States v. Abegunde*, 841 F. App'x 867, 874 (6th Cir. 2021) (quoting *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005)).

Here, Defendant did not meet his burden. In the Objection, he argues that (1) "there is no proof" in one Conspiracy "that is essential to the trial of the other," (2) the Conspiracies "are not inextricably intertwined," and (3) and the Conspiracies "could be easily separated" [*See* Doc. 138 at 5]. According to Defendant, "the evidence of one conspiracy to another is bad act evidence that the United States seeks to introduce to show propensity," so the evidence "should be excluded and require separate trials" [*Id.* at 5-6]. But this argument proves too much.

Accepting Defendant's argument, under Rule 14, because the Conspiracies "are not inextricably intertwined" and "could be easily separated," [*see* Doc. 138 at 5], a jury could easily "compartmentalize and distinguish the evidence concerning the different offenses charged," *see Thomas*, 849 F.3d at 676 (quoting *Cody*, 498 F.3d at 587). So, joinder is not likely to be prejudicial. *See id.* Even if Defendant is correct about the exclusion of evidence under Rule 404(b)[3], the presence of any "spillover evidence"—evidence relevant to one conspiracy that is not relevant to the other—would not necessitate severance without a further showing. *See Thomas*, 849 F.3d at 676 ("A spillover of evidence between counts does not require severance unless there is substantial, undue, or compelling prejudice." (cleaned up)); *United States v. Fields*, 763 F.3d 443 (6th Cir. 2014). Defendant failed to make that showing. This is especially true where, as here, the Court could easily craft a limiting instruction ordering a jury to consider each count

---

[3] The undersigned reserves for another day and a more fulsome record whether any specific piece of evidence is "inextricably intertwined" or res gestae such that Rule 404(b) is not implicated. *See United States v. Churn*, 800 F.3d 768, 779 (6th Cir. 2015). Defendant does not object to the conclusion that Rule 8 was satisfied [*See* Doc. 134 at 7-10].

4

separately.  *See, e.g.*, *United States v. Mehmood*, 742 F. App'x 928, 944 (6th Cir. 2018).  In fact, the Sixth Circuit has a pattern jury instruction on offer.  *See* Sixth Circuit Pattern Criminal Jury Instruction 2.01A.

Defendant maintains that a limiting instruction would not suffice, citing the "volume and distinct content of jail phone calls" and Defendant's alleged status as an "Armed Career Criminal" [Doc. 138 at 6].  But Defendant's assertions are nonspecific and conclusory, and they fail to satisfy his heavy burden.  *See Deitz*, 577 F.3d at 693-94 (citing *Goldsby v. United States*, 152 F. App'x. 431, 439 (6th Cir.2005)).  At trial, and upon Defendant's request, the Court would issue appropriate limiting instructions to address any prejudice identified.  And the Court is confident that a jury would faithfully "follow [its] instructions."  *See Mehmood*, 742 F. App'x at 944.  At bottom, even if Defendant has shown some potential prejudice, based on the record he put before the Court, "the interest of the public in avoiding a multiplicity of litigation" would outweigh that prejudice.  *See Abegunde*, 841 F. App'x at 874; *Saadey*, 393 F.3d at 678.

## III.    Conclusion

As set forth above, the Court **OVERRULES** Defendant's "Objection To The Memorandum And Order Regarding Motion To Sever Counts" [Doc. 138].  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Crim. P. 59(a).

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

5