UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,           )
                                    )
            Plaintiff,              )
                                    )
v.                                  )        No. 3:23-CR-119-KAC-JEM
                                    )
BRANDON RAY REECE,                  )
                                    )
            Defendant.              )

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Brandon Reece's Unopposed Motion to Continue Trial and Corresponding Deadlines [Doc. 155], which he filed on July 28, 2026.

In the motion, Defendant asks the Court to continue the current trial date, which is set for September 1, 2026, and corresponding deadlines [*Id.* ¶ 4]. In support of his motion, Defendant states that he was charged by Indictment on December 6, 2023, with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) [*Id.* ¶ 1]. Then, on March 6, 2024, he was charged in a Superseding Indictment, along with two codefendants, with six counts, including two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), two counts of conspiracy to purchase a firearm for a felon, in violation of 18 U.S.C. § 932(b)(1), and two counts of conspiracy to transport or dispose of a firearm to a felon, in violation of 18 U.S.C. § 933 [*Id.* ¶ 2]. On August 21, 2024, the Grand Jury returned a Second Superseding Indictment against Defendant, adding Armed Career Criminal enhancement allegations pursuant to 18 U.S.C. § 924(e)(1) [*Id.* ¶ 3]. Defendant filed a series of pretrial motions in this matter, including a Motion to Suppress [Doc. 76], a Motion to Bifurcate [Doc. 78], a Motion to Sever

[Doc. 79], and a Motion to Dismiss Counts [Doc. 80]. The undersigned issued a Report and Recommendation on the Motion to Dismiss Counts in August 2025 and the District Judge overruled Defendant's objections on April 22, 2026 [*Id.* ¶ 9]. The undersigned issued a Report and Recommendation on the Motion to Suppress on February 26, 2026 [*Id.* ¶ 11]. Defendant has filed objections to the recommendation, which remain pending [*Id.*]. Finally, the undersigned issued a Memorandum and Order denying severance on March 4, 2026 and Defendant filed an objection, which the District Judge overruled on July 22, 2026 [*Id.* ¶ 10].

Defendant represents that the pending motion is significant and will impact the potential evidence, exhibits, and trial preparation in this matter, as well as impact any potential plea negotiations [*Id.* ¶ 11]. Defendant contends that with the trial scheduled to proceed in thirty days, even if the rulings were issued at this stage, the parties would require additional time to discuss the case and prepare for trial after receiving the rulings [*Id.* ¶ 13]. Accordingly, Defendant requests a continuance of 120 days [*Id.* ¶ 14]. Defendant understands his rights to a speedy trial and does not oppose a continuance of the trial and corresponding deadlines [*Id.* ¶ 16]. The Government does not oppose a continuance [*Id.* ¶ 15].

Based upon the information contained in the motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweighs the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). In this regard, Defendant filed a Motion to Suppress on January 29, 2025

[Doc. 76], and a Motion to Sever [Doc. 79] and a Motion to Dismiss [Doc. 80] on February 28, 2025. *See id.* § 3161(h)(1)(D). The undersigned held a hearing on the motions and permitted post-hearing briefing on Defendant's Motion to Suppress at his request. Defendant filed a post-hearing reply brief on his Motion to Suppress [*See* Doc. 100]. The undersigned issued a Report and Recommendation on the Motion to Suppress [Doc. 132]. Defendant has filed objections to the recommendation [*see* Doc. 135] and the Government has filed a response [Doc. 140]. The District Judge will need time to rule. *See id.* § 3161(h)(1)(H). Once Defendant receives a ruling on his pending pretrial motion, defense counsel will need time to confer with Defendant and otherwise prepare for trial. The Court finds that all of this cannot occur before the September 1, 2026 trial date.

The Court therefore **GRANTS** Defendant Brandon Reece's Unopposed Motion to Continue Trial and Corresponding Deadlines [**Doc. 155**]. The trial of this case is reset to **January 26, 2027**. A new schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the initial motion on July 28, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Brandon Reece's Unopposed Motion to Continue Trial and Corresponding Deadlines [**Doc. 155**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **January 26, 2027, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **July 28, 2026**, and the new trial date of **January 26, 2027**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

3

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 28, 2026**;

(5) the deadline for filing motions *in limine* is **January 11, 2027,** and responses to motions *in limine* are due on or before **January 19, 2027**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **January 12, 2027, at 11:00 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 15, 2027**.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge

4